THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARK N., individually and on behalf of G.N., a minor,<br><br>**Plaintiff,**<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and SONY MUSIC ENTERTAINMENT MEDICAL AND PRESCRIPTION DRUG PLAN,<br><br>**Defendants.** | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:24-cv-00072-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is an unopposed motion to proceed anonymously filed by Plaintiff Mark N., individually and on behalf of G.N., a minor.[2] For the reasons explained below, and because the motion is unopposed, the court grants the motion.

## BACKGROUND

This case concerns Defendants' denial of benefits for G.N.'s care.[3] Mark N.'s complaint discusses treatment G.N. received for trauma-related disorders, major depressive disorder, and substance abuse beginning when G.N. was only 14.[4] Mark N. presented extensive evidence from

---

[1] ECF No. 7.

[2] ECF No. 15.

[3] *See generally* ECF No. 1.

[4] *See generally id.*

G.N.'s medical records in support of appeals asserting that G.N.'s care at Catalyst Residential Treatment Center should have been covered by Defendants.[5] G.N. was a minor when receiving treatment and is still a minor.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[6] With respect to minors, however, Fed. R. Civ. P. 5.2 provides that they must be named by initials unless the court orders otherwise.[7] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[9] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a

---

[5] *See generally id*.

[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[10] *Id*. (quotations and citation omitted).

[11] *Id*.

pseudonym."[12] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[13] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[14]

## ANALYSIS

The court grants Mark N.'s unopposed motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Mark N.'s and G.N.'s identities in this case. The court takes each in turn.

First, the medical records in this case refer exclusively to G.N.'s struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using only the minor's initials when filing pleadings. G.N. was 14 when receiving treatment and very recently turned 16. Accordingly, Mark N. filed the complaint in this case using G.N.'s initials to protect G.N.'s identity. Although Mark N. was not a minor at any relevant time, disclosure of Mark N.'s full name would have the impact of revealing G.N.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[15]

---

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[14] *Id.* (quotations and citation omitted).

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a

Second, a substantial portion of the record in this case is comprised of G.N.'s protected health information and records relating to G.N.'s treatment. Even absent any discussion of G.N.'s age, those records are protected from public disclosure by HIPAA.[16] Moreover, highly sensitive and personal medical issues experienced by G.N. constitute an "exceptional circumstance" that weighs against the disclosure of Mark N.'s and G.N's identities.

Finally, Mark N.'s and G.N.'s identities are known to Defendants, as Defendants insured Mark N. and G.N. and administered the coverage for the insurance plan. Consequently, allowing Mark N. and G.N. to proceed anonymously does not prejudice Defendants.

In sum, the public interest in access to Mark N.'s and G.N.'s identities appears relatively limited compared to the interest in protecting Mark N.'s and G.N.'s identities and matters of a highly sensitive and personal nature. Therefore, the court concludes that Mark N. and G.N. should be permitted to proceed anonymously.

ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mark N.'s unopposed motion to proceed anonymously[17] is GRANTED.

---

heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect—personally identifiable and confidential information about the . . . minor in the public record").

[16] 42 U.S.C. § 1320d et seq.

[17] ECF No. 15.

    2.    On or before March 6, 2025, Mark N. must file under seal with the court a document containing Mark N.'s full name and G.N.'s full name. That filing shall remain under seal unless the court orders otherwise.[18]

IT IS SO ORDERED.

DATED this 20th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").